# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frankie Lee Rodriguez,<br><br>                     Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                     Defendants. | No. CV 15-01766-PHX-DLR (DMF)<br><br>**AMENDED REPORT AND RECOMMENDATION (TO CORRECT CASE NUMBER ONLY)** |

**TO THE HONORABLE DOUGLAS L. RAYES:**

Before the Court is Plaintiff's proposed First Amended Complaint ("FAC") (Doc. 14) and Motion to Supplement (Doc. 15). This matter is before the undersigned on referral from the District Judge. The Court has a continuing obligation to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The screening requirement extends to proposed amended complaints. Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

**I.      Background**

Plaintiff Frankie Lee Rodriguez filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Application to Proceed *In Forma Pauperis* and ordered Defendants Ryan, Barrios, and Miser to answer Counts I, II, IV,

and V. (Doc. 12.) On November 5, 2015, Plaintiff filed his FAC (Doc. 14) as a matter of course and also filed his Motion to Supplement First Amended Complaint (Doc. 15), adding two counts that he claims occurred after he filed his original complaint.

## II. Statutory Screening of Prisoner Complaints:

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The United States Court of Appeals for the Ninth Circuit has instructed that courts "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (*per curiam*)). Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In such circumstances, even a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

**III.   First Amended Complaint**

Plaintiff's nine-count FAC names the following Defendants: Charles Ryan, Director of ADOC, Chris Moody, Warden at Lewis Complex, Unknown Fizer, Warden at Florence Complex, Unknown Barrios, Deputy Warden at Rast Max Unit/Lewis Complex, and Unknown Miser, Senior Chaplain at Florence Complex. Plaintiff seeks declaratory, compensatory, punitive, and injunctive relief.

**A.  Claims From Original Complaint**

The RLUIPA claim in Count I, the First Amendment claim in Count II, the Eighth Amendment claim in Count IV, and the RLUIPA claim in Count V are the same claims set forth in Plaintiff's original complaint. The Court's Screening Order at Doc. 12 required Defendant Ryan to respond to Counts I and II, which allege "that Director Ryan's policy substantially burdens [Plaintiff's] religious exercise by requiring inmates to pay for allowable religious items from their inmate accounts, even if they are indigent, like Plaintiff. Plaintiff contends that the lack of any alternatives for indigent inmates to obtain allowable religious items violates the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5 and the First Amendment." (Doc. 12 at 5.) The Court also required Defendants Ryan and Barrios to respond to Plaintiff's Eight Amendment claim in Count IV, where Plaintiff alleges that Ryan and Barrios have ordered in-cell lights to remain on 24 hours a day in Plaintiff's unit. (Doc. 12 at 5–6.) The Court ordered Defendants Ryan, Fizer and Miser to respond to Count V, where Plaintiff alleges violations of his religious exercise rights by refusing to either give Plaintiff religious items purchased by his mother or to allow him to use the items for

- 3 -

1  religious ceremonies. (Doc. 12 at 6.) The Court recommends that these same Defendants
2  be required to respond to these same claims in Plaintiff's FAC.

### B. Equal Protection Claims

The Court previously dismissed Plaintiff's equal protection claims in Counts III, VI, and VII of Plaintiff's original complaint for failure to state a claim. Plaintiff has attempted to cure the deficiencies in these counts in his FAC.

In Count III, Plaintiff alleges the following: Plaintiff is a member of a protected class, as well as a "class of one," that is intentionally being treated differently from other similarly situated inmates without any rational basis for the difference in treatment. Plaintiff alleges that he is a max custody segregation inmate at Rast Max Unit ("RMU"), and that Director Ryan, Warden Moody, and D.W. Barrios have intentionally treated him differently from other max custody segregation inmates similarly situated at the other three max units in the state. Plaintiff alleges that Defendants Ryan, Moody and Barrios, met with each other and deliberately enacted restrictions denying RMU inmates rights and privileges that max custody segregation inmates are receiving at the other three max units, including jobs; meals in the chow hall; in-pod recreation; Step 3 field recreation and large recreation enclosure; Step 2 large recreation enclosure, contact visits, and removal of cuffs; loaner televisions and walkmans; physical access to the library; access to library books; recreation supplies, such as chess, scrabble, cards, and dominos; television programming and classes; college courses; psych groups; legal mail pick-up on all shifts; access to institution forms; multiple Correction Officer III groups; bladed shaving razors and mirrors; cell cleaning supplies; and showers every three days.

Plaintiff alleges in Count VI a claim for violation of equal protection in connection with religious exercise. Plaintiff alleges the following: he is a member of a protected class, as well as a "class of one," that is intentionally being treated differently from other similarly situated inmates without any rational basis for the difference in treatment. Plaintiff alleges that Ryan, Moody, and Barrios have colluded to deny Plaintiff, as well as the other max custody segregation inmates at RMU, access to religious services. Plaintiff

alleges that the max custody segregation inmates at the other three max units in the state are receiving weekly religious services, including congregational services, for every religion. Plaintiff alleges that he and the other max custody segregation inmates at RMU are being denied these same services, and the RMU facility, like the other three max units, has many multi-purpose areas that could easily accommodate religious services.

Plaintiff alleges an equal protection violation in Count VII as follows: Plaintiff alleges he is a member of a protected class, as well as a "class of one," that is intentionally being treated differently from other similarly situated inmates without any rational basis for the difference in treatment. Plaintiff alleges that Ryan, Moody, and Barrios ordered in-cell lights to be kept on twenty-four hours a day in RMU. Plaintiff contends that maximum custody segregation inmates at the other three max units only have in-cell lights on for 16 hours a day (6 am to 10 pm).

The Court previously dismissed Plaintiff's equal protection claims for failure to allege that he is a member of a protected class, failure to allege that he is treated differently than similarly situated inmates, and failure to allege the absence of a rational basis for treating RMU inmates differently than other maximum custody prisoners. (Doc. 12 at 4–5). Plaintiff has failed to cure these deficiencies in his FAC.

A person's Equal Protection rights are implicated when the government treats him differently than it treats similarly situated individuals. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a §1983 claim for violation of the Equal Protection Clause "'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation omitted). "'The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups.'" *Id.* at 1166–67 (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995)). The Court noted that Plaintiff failed to allege that he was a member of a protected class, and "being classified as protective segregation inmate does not alter that conclusion." (Doc. 12 at 4). In his FAC, Plaintiff merely

alleges that he is a member of a protected class, without alleging what protected class he is a member of. Plaintiff has not demonstrated that he is a member of a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998). Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

Plaintiff has also added an allegation that he is a "class of one." A class-of-one plaintiff must proceed through essentially the same two steps as a plaintiff alleging a class-based claim. Plaintiff must show that he (as opposed to a class in which he is a member) was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). Once again, Plaintiff's conclusory allegation that he is a "class of one" is insufficient. Plaintiff does not allege that he is treated differently than similarly situated inmates. He does not allege that he is treated differently from the other protective segregation inmates at RMU. He also fails to allege that the inmates in the other three maximum custody units are "similarly situated." The Court recommends that Plaintiff's equal protection claims in Counts III, VI and VII be dismissed for failure to state a claim.

### C. Newly Asserted Claims

Plaintiff's Motion to Supplement (Doc. 15) seeks to add new claims in Counts VIII and IX, which Plaintiff alleges arose after the filing of the original complaint. Count VIII is a claim alleging violation of Plaintiff's due process rights. Although Plaintiff brings Count IX as an Eighth Amendment claim, the Court will construe it as a First Amendment retaliation claim. *See Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (finding that notice pleading requires the plaintiff to set forth claims for relief, not causes

- 6 -

of action, statutes or legal theories, and a complaint need not identify the statutory or constitutional source of the claim raised).

### 1. Due Process Claim

In Count VIII Plaintiff alleges as follows: On September 3, 2015, the Rast Max Step Committee, a group created by Ryan and headed by Barrios, punished Plaintiff by: taking away Plaintiff's contact visits—Plaintiff was placed on non-contact status; Plaintiff was removed from his program classes and refused credit for the classes he attended; Plaintiff lost his job and work score; Plaintiff's phone calls were reduced from three per week to one per week; Plaintiff was placed on cuff status (cuffed behind his back whenever he is out of his cell); Plaintiff's access to large recreation was taken and he was confined to using small recreation pens; and Plaintiff was denied all fundraisers. Plaintiff alleges that he received no disciplinary, nor was he found guilty of any, in the prior weeks and months. Plaintiff alleges that he was denied due process because he received no notice of wrongdoing, no hearing, no explanation, no opportunity to contest evidence or to present a defense, was denied any form of appeal, and denied the right to utilize the grievance procedure. Plaintiff alleges that he was informally told by non-committee officers that his punishment would last a minimum of 90 days but could be indefinite.

The procedural guarantees of due process "apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (citations omitted). To state a plausible due process claim, Plaintiff must allege (1) that he was deprived of a protected liberty or property interest; and if so, (2) that the procedures followed by the State in depriving him of that interest were constitutionally insufficient. *Swarthout v. Cooke*, 562 U.S. 216, 861 (2011) (*per curiam*).

Liberty interests may be either derived directly from the Due Process Clause or created by state law. *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013) (citation omitted). The Due Process Clause of its own force protects prisoners from conditions which depart from the sentence imposed on them in a way that is

"'qualitatively different' from the punishment characteristically suffered by a person convicted of crime [and has] 'stigmatizing consequences.'" *Sandin v. Conner*, 515 U.S. 472, 479 n.4 (1995) (citations omitted). The Clause, by itself, confers no liberty interest in freedom from state action taken within the sentence imposed. *Id.* at 480. The conditions alleged by Plaintiff do not impinge on a liberty interest created by the Due Process Clause of its own force. *See Davis v. Small*, 595 F. App'x 689, 691 (9th Cir. 2014) (unpublished) ("the Due Process Clause itself does not give rise to a protected liberty interest in a paying prison job, the possibility of favorable transfers, or particular phone and yard privileges").

State laws which give rise to protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted).

Plaintiff has not alleged that he suffered any atypical and significant hardships in relation to the ordinary incidents of prison life. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (finding that an essential tool of prison administration is the authority to offer inmates various incentives to behave and the Constitution accords prison officials wide latitude to bestow or revoke these perquisites as they see fit); *Sandlin*, 515 U.S. at 487 (30 days' disciplinary segregation is not atypical and significant); *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) (prisoners do not have a liberty interest in compensation for their labor); *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007) (finding that a prison official's determination that a prisoner may not engage in the publication and distribution of an inmate publication does "not present the type of atypical significant deprivation in which a State might conceivably create a liberty interest"); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (prisoners do not have a property or liberty interest in prison employment); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (holding no liberty interest in job assignment). The Court recommends that Count VIII be dismissed for failure to state a claim.

### 2. Retaliation Claim

In Count IX Plaintiff alleges as follows: On September 3, 2015, Plaintiff submitted to the librarian for e-filing a civil rights lawsuit against the Warden and Deputy Warden of Lewis Complex/Rast Max, where Plaintiff is housed. Librarian Hartzel is a subordinate of Deputy Warden Barrios and was assigned to RMU by Warden Moody. A couple of hours after Plaintiff submitted his complaint, he was punished as set forth in Count VIII, *supra*.

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Liberally construed, Plaintiff has alleged a valid retaliation claim and the Court recommends that Defendants Moody and Barrios be required to respond to Count IX of the FAC.

**IV.    Claims for Which an Answer Will be Required**

The Court recommends that Defendant Ryan be required to answer Counts I and II of Plaintiff's FAC; that Defendants Ryan and Barrios be required to answer Plaintiff's Eight Amendment claim in Count IV of Plaintiff's FAC; that Defendants Ryan, Fizer, and Miser be required to answer Count V of Plaintiff's FAC; and that Defendants Moody

- 9 -

and Barrios be required to answer Count IX of Plaintiff's FAC. The Court recommends that the remaining claims be dismissed.

**IT IS RECOMMENDED that** Plaintiff's Motion to Supplement (Doc. 15) be **granted** as set forth herein.

**IT IS FURTHER RECOMMENDED that** the Court order the Defendants named in Section IV herein to answer, or otherwise respond to the claims set forth in that section by appropriate motion, within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

///
///
///

1   Dated this 8th day of February, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge